THOMAS P. O'BRIEN  
United States Attorney  
CHRISTINE C. EWELL  
Assistant United States Attorney  
Chief, Criminal Division  
STEVEN R. WELK  
Assistant United States Attorney  
Chief, Asset Forfeiture Section  
PIO S. KIM  
Assistant United States Attorney  
Asset Forfeiture Section  
California State Bar No. 156679  
    United States Attorney's Office  
    U.S. Courthouse, Suite 1400  
    312 N. Spring St.  
    Los Angeles, CA 90012  
    Telephone: (213)894-2569  
    Facsimile: (213)894-7177  
    E-mail: Pio.Kim@usdoj.gov  

E-FILED 8/7/2009

JS-6

Attorneys for Plaintiff  
United States of America  

UNITED STATES DISTRICT COURT  

FOR THE CENTRAL DISTRICT OF CALIFORNIA  

WESTERN DIVISION  

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 09-02206-GAF (VBKx) |
| Plaintiff, | [proposed] |
| v. | CONSENT JUDGMENT |
| REAL PROPERTY LOCATED ON HAWKEYE STREET, MURRIETA, CALIFORNIA (J. LAPIERRE), | |
| Defendant. | |

On March 30, 2009, the government filed its complaint in this action, alleging that the defendant real property (the "Hawkeye property") is subject to forfeit pursuant to 18 U.S.C.

1

1  §§ 981(a)(1)(A) & (C) on the ground that (1) it constituted or is
2  traceable to proceeds of a scheme to defraud in violation of 18
3  U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud); and
4  (2) was involved in the illegal laundering of proceeds of the above-
5  described specified unlawful activities in violation of 18 U.S.C.
6  § 1956 and 18 U.S.C. § 1957.
7      Notice of this action was given and published in accordance
8  with law.  There have been no appearances in this action.  However,
9  the government, on the one hand, and potential claimants Hopp, LLC
10 ("Hopp"), a California limited liability company with a secured
11 interest in the Hawkeye property; Jay LaPierre ("J. LaPierre"), a
12 record owner of the property; and Heather LaPierre ("H. LaPierre"),
13 another record owner of the property, on the other hand, have agreed
14 to settle this forfeiture action and to avoid further litigation.
15     The Court having been duly advised of and having considered the
16 matter, and based upon the mutual consent of the government and the
17 above-mentioned three potential claimants, HEREBY ORDERS, ADJUDES
18 AND DECREES THAT:
19     1.   This Court has jurisdiction over the action and the
20 parties pursuant to 28 U.S.C. §§ 1345 & 1355.
21     2.   The complaint for forfeiture states claims for
22 relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).
23     3.   Notice of this action was provided as required by law.
24 All potential claimants other than Hopp, J. LaPierre and H. LaPierre
25 have been notified of this action through publication, and as to
26 these potential claimants, the time to file a claim and an answer

1  has expired.  The Court deems that all potential claimants other
2  than Hopp, J. LaPierre and H. LaPierre admit the allegations of the
3  complaint for forfeiture to be true, and hereby enters default
4  against all such potential claimants.
5       4.    The Hawkeye property's legal description is as follows:
6             Lot 52 of Tract No. 30694 as shown on the subdivision Map
7             filed in Book 408, at Pages 99-112, inclusive, of Maps in
8             the Office of the Riverside County Recorder.
9  The Assessor's Parcel Number is 480-502-007-6.
10      5.    The Hawkeye property is hereby forfeited to
11 the government subject to the secured interest held by Hopp in the
12 real property as evidenced by the Installment Note, dated September
13 10, 2008, attached as Exhibit "A", and the Deed of Trust with
14 Assignment of Rents, dated September 10, 2008, attached as Exhibit
15 "B", which lien is recognized by the government and potential
16 claimants J. LaPierre and H. LaPierre, and there shall be no other
17 interest in the property other than as provided below.
18      6.    Upon entry of this Consent Judgment, the government will
19 attempt to sell the Hawkeye property and, if successful, shall
20 distribute the funds generated by the sale in the following
21 priority:
22      (a)   First, to payment of the expenses, fees and taxes
23            customarily associated with a sale of real property,
24            including recording fees, county transfer fees,
25            reconveyance fees, escrow fees, sub-escrow fee, Federal
26            Express/messenger fees, wire service fees, real estate

|   |   |   |
|---|---|---|
| | | broker commissions and the real property taxes to the applicable County Assessor and Tax Collector; |
| | (b) | Second, to the United States Marshals Service for its costs and expenses of sale; |
| | (c) | Third, to the extent that sufficient funds are available: |
| | | (1) all unpaid principal due as of the date of sale to Hopp under Exhibit "A" and Exhibit "B"; |
| | | (2) all unpaid interest due and presently accruing at the contractual rate prescribed in Exhibit "A"; |
| | | (3) costs of collection and foreclosure fees; |
| | | (4) attorney's fees as provided by the Note and Deed of Trust, not to exceed $5,000.00; |
| | | (5) costs advanced for property maintenance, including payments for fire and liability insurance, until sale of property, not to exceed $4,000.00; and |
| | (d) | Fourth, to the government to be forfeited and disposed of according to law. |

7. Upon request by the government, Hopp will timely provide, in writing, its payoff amount under the Note, the Deed of Trust and paragraph 6 herein. The government will consider the payoff amount in formulating the marketing and sale price of the Hawkeye property, and shall not sell the property without written consent from Hopp or court authority, if the amount or projected proceeds of sale will not satisfy the total amount due under sub-paragraphs 6(a) through

1 | 6(c).

2 |     8.   Any payment to Hopp from the sale proceeds of the Hawkeye property pursuant to this consent judgment, whether or not the funds generated by the sale are sufficient to pay the claim of Hopp in full, shall be in full settlement and satisfaction of any and all claims by Hopp to the Hawkeye property as against the United States.

    9.   The parties hereto agree to cooperate fully in executing any documents necessary to convey clear title to the Hawkeye property and to resolve any dispute which may arise from the contemplated sale of the property and payment to Hopp.

    10.  Hopp, J. Lapierre and H. LaPierre hereby release the United States of America, and its agencies, departments, officers, and employees, including, without limitation, employees of the United States Attorney's Office for the Central District of California and the Federal Bureau of Investigation, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or expenses on behalf of the claimants, pursuant to 28 U.S.C. § 2465 or otherwise, except as otherwise specifically provided for herein.

    11.  The Court finds that there was reasonable cause for the initiation and/or continuation of this forfeiture action against the Hawkeye property.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

/ / /

1    12.   The Court retains jurisdiction to enforce the terms of
2 this Consent Judgment.
3 Dated: August 6, 2009        _____
                                UNITED STATES DISTRICT JUDGE

## CONSENT

The government and potential claimants Hopp, LLC, Jay LaPierre and Heather LaPierre consent to this judgment and waive any right of appeal.

```
                                Respectfully submitted,

                                THOMAS P. O'BRIEN
                                United States Attorney

                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division

                                STEVEN R. WELK
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section

Dated: _____, 2009                       /S/
                                _____
                                PIO S. KIM
                                Assistant United States Attorney

                                Attorneys for plaintiff
                                United States of America


                                HOPP, LLC.

Dated: _____, 2009                       /S/
                                _____
                                By: R-Cal Enterprises, INC., manager
                                By: Gary R. Hopp, president


Dated: _____, 2009                       /S/
                                _____
                                JAY LAPIERRE
                                Claimant
```

(Signature page continues.)

```
Dated: _____, 2009              _____/S/_____
                                    HEATHER LAPIERRE
                                    Claimant
```

Approved as to form and content.

```
Dated: _____, 2009              _____/S/_____
                                    JANET SHERMAN
                                    Attorney for Claimant Hopp, LLC

Dated:_____, 2009              _____/S/_____
                                    DAVID GIVOT
                                    Attorney for Potential Claimants
                                    Jay LaPierre and Heather LaPierre
```

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28